**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | : | |
| | : | |
| **Plaintiff,** | : | **Case No. 2:21-cv-1913** |
| | : | |
| **v.** | : | **Chief Judge Algenon L. Marbley** |
| | : | |
| **INTELLIGENT PERIMETER** | : | **Magistrate Judge Chelsey M. Vascura** |
| **SYSTEMS, INC.,** | : | |
| | : | |
| **Defendant.** | : | |

## OPINION & ORDER

This matter is before the Court on Plaintiff's Motion for Default Judgment against Defendant Intelligent Perimeter Systems, Inc. ("IPS"). (ECF No. 8). For the following reasons, Plaintiff's motion is **GRANTED**. The requested monetary judgments and injunctive relief are awarded in full.

## I.  BACKGROUND

On April 19, 2021, the Government brought this civil action against Defendant IPS for recovery of unpaid taxes. (ECF No. 1). The Government seeks three forms of relief:

> (1) to reduce to judgment unpaid federal employment tax liabilities owed by [IPS], (2) to reduce to judgment unpaid federal unemployment tax liabilities owed by IPS, and (3) [to] request an injunction to pay the tax liabilities to the extent any assets or income are or become available, and to preclude IPS from paying any liabilities other than the taxes at issue or making any distributions to shareholders until the taxes are paid.

(ECF No. 1 at 1). The Government asserts that, "[d]espite proper notice and demand, IPS failed, neglected, or refused to fully pay the liabilities," and is therefore liable for the principal amount plus statutory additions and interest. (*Id.* ¶¶ 5, 8).

A summons issued on April 21, 2021, directed to IPS's Chairman, CEO, and Registered Agent, Mr. Ronald Scherer, Jr. (ECF No. 2). Service was accomplished on July 9, 2021, making IPS's answer due by July 30, 2021. (ECF No. 3). IPS failed to answer or otherwise appear. On September 9, 2021, the Government requested entry of default pursuant to Federal Rule of Civil Procedure 55(a). (ECF No. 5). The Clerk entered IPS's default on September 15, 2021. (ECF No. 6). On October 29, 2021, the United States moved for default judgment against IPS pursuant to Rule 55(b)(2). (ECF No. 8). IPS did not respond or appear, so the matter is ripe for adjudication.

## II.    DEFAULT JUDGMENT

Federal Rule of Civil Procedure 55 governs defaults and default judgments. The first step is entry of default. "When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Fed. R. Civ. P. 55(a). Once default is entered, a party may take the second step by moving for default judgment. Fed. R. Civ. P. 55(b). At that stage, "the complaint's factual allegations regarding liability are taken as true, while allegations regarding the amount of damages must be proven." *Arthur v. Robert James & Assocs. Asset Mgmt., Inc.*, 2012 WL 1122892, at *1 (S.D. Ohio Apr. 3, 2012) (internal quotation marks omitted).

"An entry of default does not automatically entitle the plaintiff to a default judgment." *Methe v. Amazon.com.dedc, LLC*, 2019 WL 3082329, at *1 (S.D. Ohio July 15, 2019). "The plaintiff must still show that, when all of the factual allegations in the complaint are taken as true, the defendant is liable for the claim(s) asserted." *Id.*; *see also F.C. Franchising Sys., Inc. v. Schweizer*, 2012 WL 1945068, at *3 (S.D. Ohio May 30, 2012) ("[I]t remains for the district court to consider whether the unchallenged facts constitute a cause of action, since a party in default

2

does not admit mere conclusions of law." (quoting *Marshall v. Baggett*, 616 F.3d 849, 852 (8th Cir. 2010))).

When considering whether to enter default judgment, the Sixth Circuit instructs courts to consider the following factors:

> (1) possible prejudice to the plaintiff; (2) the merits of the claims; (3) the sufficiency of the complaint; (4) the amount of money at stake; (5) possible disputed material facts; (6) whether the default was due to excusable neglect; and (7) the preference for decisions on the merits.

*Russell v. City of Farmington Hills*, 34 F. App'x 196, 198 (6th Cir. 2002) (citing *Eitel v. McCool*, 782 F.2d 1470, 1472 (9th Cir. 1986); *Berthelsen v. Kane*, 907 F.2d 617, 620 (6th Cir. 1990); and *Shepard Claims Serv., Inc. v. William Darrah & Assocs.*, 796 F.2d 190, 193–94 (6th Cir. 1986)). The Court will address these factors in a slightly different order, beginning with the sufficiency of the Complaint and the merits of the claims.

## A. Sufficient and Meritorious Claims

Counts One and Two of the Complaint[1] seek to reduce to judgment IPS's employment and unemployment tax liabilities, respectively. As a threshold matter, the Complaint properly invokes this Court's jurisdiction. Subject matter jurisdiction is proper under 26 U.S.C. § 7402(a) and 28 U.S.C. §§ 1331, 1340, and 1345, as this case is brought by the Government to enforce federal tax laws. (ECF No. 1 ¶ 1). Personal jurisdiction is proper because IPS's principal place of business during the tax delinquency periods was the Columbus, Ohio area. (*Id.* ¶ 2).

Count One concerns IPS's employment tax liabilities under the Federal Insurance Contributions Act ("FICA"). (*Id.* ¶¶ 3–5). The Complaint summarizes assessments made by the Secretary of the Treasury against IPS "for withheld income and [FICA] taxes, as well as the

---

[1] Count Three seeks injunctive relief to enforce the judgments in Counts One and Two. It is addressed in the remedies section of this Opinion, *infra*.

employer's portion of the FICA taxes, (collectively, employment taxes) and penalties." (*Id.* ¶ 3). As of April 26, 2021, the following balances were due, "including assessed and accrued late-filing and late-payment penalties under 26 U.S.C. § 6651 or penalties for failure to make deposits of employment taxes under 26 U.S.C. § 6656, costs, and statutory interest, and after applying any abatements, payments, and credits." (*Id.*).

| Tax Period Ending | Assessment Date | Assessment Type | Amount Assessed | Balance Due 4/26/2021 |
|---|---|---|---|---|
| 06/30/2007 | 2/13/2012 | Tax | $10,643.75 | $16,035.41 |
| 09/30/2007 | 2/13/2012 | Tax | $44,942.88 | $78,316.36 |
| 12/31/2007 | 2/13/2012 | Tax | $37,286.63 | $63,820.65 |
| 03/31/2008 | 2/13/2012 | Tax | $36,350.75 | $90,409.70 |
| 6/30/2008 | 2/13/2012 | Tax | $16,147.75 | $38,838.64 |
| 9/30/2008 | 2/13/2012 | Tax | $14,226.25 | $30,740.42 |
| **Total** | | | | $318,161.18 |

(*Id.*).

Count Two concerns IPS's unemployment tax liabilities under the Federal Unemployment Tax Act ("FUTA"). (*Id.* ¶¶ 6–8). The Complaint summarizes assessments made by the Secretary of the Treasury against IPS "for [FUTA] taxes (unemployment taxes) and penalties." (*Id.* ¶ 6). As of April 26, 2021, the following balances were due, "including assessed and accrued late-filing and late-payment penalties under 26 U.S.C. § 6651 or penalties for failure to make deposits of employment taxes under 26 U.S.C. § 6656, costs, and statutory interest, and after applying any abatements, payments, and credits." (*Id.*).

| Tax Period Ending | Assessment Date | Assessment Type | Amount Assessed | Balance Due 4/26/2021 |
|---|---|---|---|---|
| 2007 | 2/13/2012 | Tax | $2,170.00 | $5,557.85 |
| 2008 | 2/13/2012 | Tax | $2,170.00 | $5,289.36 |
| **Total** | | | | $10,847.21 |

(*Id.*).

4

Accepting as true the well-pleaded factual allegations, IPS's liability is straightforward. "Tax assessments are presumptively correct as a matter of law, and Defendants by their default have failed to refute their accuracy." *United States v. Reyes*, 2016 WL 590247, at *8 (W.D. Tenn. Feb. 11, 2016) (citing *United States v. Fior D'Italia*, 536 U.S. 238, 242 (2002); and *Triplett v. C.I.R.*, 53 F. App'x 339, 340 (6th Cir. 2002)). Here, the tax assessments reveal that IPS failed to make employment and unemployment tax payments between 2007 and 2008, as required by the FICA and FUTA statutes. These liabilities remain outstanding despite notice and demand by the Government. As such, the Government's claims are sufficient and meritorious, which favors default judgment.

### B.  Prejudice to Plaintiff

The next of the default judgment factors listed in *Russell* is possible prejudice to the movant if default judgment is not granted. Without default judgment, the Government will be prejudiced with excessive delay in recovering IPS's delinquent tax liabilities. The Government filed this case over a year ago, and IPS still has failed to make payment or respond to the claims against them. Were the Government to file another lawsuit, all indications are that it would return to this stage: default judgment. Courts find the prejudice factor to be satisfied under such circumstances. *See, e.g.*, *Toler v. Glob. Coll. of Nat. Med., Inc.*, 2016 WL 67529, at *7 (E.D. Mich. Jan. 6, 2016). Thus, this factor weighs in favor of default judgment.

### C.  Amount of Money at Stake

Next, the Court considers the amount of money at stake. At the time the Government moved for default judgment, IPS's total liability was $338,764,22 (consisting of $327,740.86 in employment tax liabilities and $11,023.36 in unemployment tax liabilities), with statutory additions and interest continuing to accrue. (ECF No. 8 at 1–2). Though this is a sizable sum, it is

not so large as to weigh against default judgment. In any event, "even a significant sum is subject to an entry of default judgment if a defendant refuses to appear." *Marelli Automotive Lighting, USA, LLC v. Industrias BM de Mexico, S.A. de C.V.*, 2021 WL 5121273, at *3 (E.D. Mich. Nov. 4, 2021) (sum in excess of $3 million did not favor default judgment, but other factors, including defendant's neglect of the lawsuit, warranted granting it).

### D.  Possible Disputed Material Facts

As for the possibility of disputed material facts, IPS has given the Court nothing to evaluate. It has been absent from this case entirely. As such, IPS "forfeited [its] right to dispute any of Plaintiff's allegations by not answering the Complaint." *Tomlinson v. E. Recovery & Remediation Grp., LLC*, 2019 WL 1380313, at *4 (E.D. Mich. Mar. 27, 2019). Given that IPS has yet to engage with the Government's claims, it seems unlikely IPS would dispute the factual allegations even if provided the opportunity. Thus, this factor weighs in favor of default judgment.

### E.  Default due to Excusable Neglect

Next, nothing in the record suggests IPS's default was due to excusable neglect. These tax liabilities have been outstanding for over a decade, despite notice and demand by the Government. (ECF No. 1 ¶¶ 5, 8). Now, IPS has failure to appear or defend this action, despite proper service of process. (ECF No. 3). All these facts are indicative of actual disregard rather than excusable neglect.

### F.  Preference for Decisions on the Merits

Finally, the Court must consider "the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits." *Eitel*, 782 F.2d at 1472. Inevitably, this factor is in tension with default judgment. Where trial on the merits is not attainable, however, courts recognize that this policy preference must yield to the needs of litigants actually before them. *See,*

*e.g.*, *Toler*, 2016 WL 67529, at *9 ("[W]hile public policy favors resolution of cases on the merits, Defendants and their Counsel have consistently ignored opportunities for a merits-based resolution by refusing to respond in this matter . . . . 'Effective judicial administration requires that at some point disputes be treated as finally and definitively resolved.'" (quoting 10A Charles A. Wright & Arthur R. Miller, Federal Practice and Procedure § 2693 (3d ed.))). Since other factors weigh in favor of default judgment, and since a decision on the merits is neither realistic nor attainable in this case, policy preferences will not preclude default judgment. Therefore, **DEFAULT JUDGMENT** will be entered against IPS.

### III.   DAMAGES AND REMEDIES

Having found default judgment proper, the Court next must consider damages and other available remedies. In its Motion, the United States seeks the following relief: (1) a monetary judgment for employment tax liabilities in the amount of $327,740.86, plus statutory additions and interest; (2) a monetary judgment for unemployment tax liabilities in the amount of $11,023.36, plus statutory additions and interest; and (3) an injunction to prohibit IPS "from using, distributing, or paying out any of its assets, monies, or any future receipts . . . until the judgment is fully paid." (ECF No. 8 at 1–2). The Court will address each request, beginning with the monetary judgments.

### A.   Monetary Judgments

Federal Rule of Civil Procedure 55(b)(2) permits the Court to conduct an evidentiary hearing to determine damages, but it does not require one. *See Vesligaj v. Peterson*, 331 F. App'x 351, 354–55 (6th Cir. 2009) (citing *Fustok v. ContiCommodity Servs., Inc.*, 873 F.2d 38, 40 (2d Cir. 1989)). If damages are calculable or liquidated, then the court may forego an evidentiary hearing because the facts establishing damages are not distinct from the facts establishing liability. *See United States v. Di Mucci*, 879 F.2d 1488, 1497–98 (7th Cir. 1989); *Barnes v. Abraham, Inc.*,

2017 WL 5714091, at *2 (S.D. Ohio Nov. 28, 2017) ("A court may determine damages without holding an evidentiary hearing if the damages are capable of ascertainment from definite figures contained in the documentary evidence or in detailed affidavits." (internal quotation marks omitted)). On the other hand, "[w]here damages are unliquidated a default admits only defendant's liability and the amount of damages must be proved." *Antoine v. Atlas Turner, Inc.*, 66 F.3d 105, 110 (6th Cir. 1995) (internal quotation marks omitted).

Given the nature of this case, the facts establishing tax liability also establish damages. Thus, no hearing is necessary. The only potential gap is the accruing additions and interest; but these amounts are calculable and discernable, as evidenced by Declaration attached to the Government's Motion. (ECF No. 8-1). In the Declaration, an IRS Revenue Agent provided updated balances as of November 8, 2021, using records from the IRS Information Data Retrieval System. (*Id.* ¶¶ 2–4). These calculations are supported with the IRS's account transcripts for IPS. (*Id.* Ex. A).

As of November 8, 2021, IRS records show employment taxes due, inclusive of then-accrued statutory interest, in the amount of $327,740.86.

| Tax Period | Balance due as of November 8, 2021 |
|---|---|
| Second Quarter of 2007 | $    16,295.82 |
| Third Quarter of 2007 | $    79,588.16 |
| Fourth Quarter of 2007 | $    64,857.05 |
| First Quarter of 2008 | $    91,877.89 |
| Second Quarter of 2008 | $    39,469.35 |
| Third Quarter of 2008 | $    35,652.59 |
| **Total** | **$    327,740.86** |

(ECF No. 8-1 ¶ 5).

As of November 8, 2021, IRS records show unemployment taxes due, inclusive of then-accrued statutory interest, in the amount of $11,023.36.

| Tax Period | Balance due as of November 8, 2021 |
|------------|-----------------------------------|
| 2007 | $   5,648.11 |
| 2008 | $   5,375.25 |
| **Total** | **$   11,023.36** |

(*Id.* ¶ 6).

From this, the Court has sufficient information to evaluate the Government's claim. The Court accepts the calculations as reported in the Declaration and awards monetary judgment in the full requested amounts.

### B.  Injunction

In Count Three, the Government seeks to enjoin IPS to pay its tax liabilities, and to preclude IPS from using or distributing receipts or assets to pay any other liabilities until the judgment is satisfied. (ECF No. 1 ¶¶ 9–12). Specifically, the Government anticipates IPS may receive income "for the sale and/or installation of bollards, railroad crossing warning equipment, and/or other items." (*Id.* ¶ 10).

The Government moves under 26 U.S.C. § 7402(a), which grants courts broad power "to make and issue in civil actions, writs and orders of injunction . . . as may be necessary or appropriate for the enforcement of the internal revenue laws." "Numerous courts have commented on the statute's expansive scope." *United States v. ITS Fin., LLC*, 592 F. App'x 387, 394 (6th Cir. 2014) (collecting authorities); *see also United States v. Elsass*, 978 F. Supp. 2d 901, 939 (S.D. Ohio 2013) ("The language of § 7402(a) 'manifest[s] a congressional intention to provide the district courts with a full arsenal of powers to compel compliance with the internal revenue laws.'" (quoting *Brody v. United States*, 243 F.2d 378, 384 (1st Cir. 1957))). "[B]ecause the statute expressly authorizes the issuance of an injunction, the traditional requirements for equitable relief need not be satisfied." *ITS Fin.*, 592 F. App'x at 400 (citing *United States v. Gleason*, 432 F.3d 678, 682 (6th Cir. 2005)).

The Government's request is well taken. According to the Complaint, it does not appear IPS has "sufficient cash or hard assets with which to pay" the judgment, but receivables and after-acquired assets may provide a viable source of recovery. (ECF No. 1 ¶¶ 10–11). IPS has evaded these tax liabilities for over a decade, despite notice and demand for payment. (*Id.* ¶¶ 5, 8). IPS also has evaded the instant lawsuit, failing to respond despite valid service of process. (*See* ECF No. 3). Under these circumstances, injunctive relief is necessary if the Government is to recover the taxes unlawfully withheld. Therefore, the requested injunction will be entered.

## IV. CONCLUSION

For these reasons, Plaintiff's Motion for Default Judgment (ECF No. 8) is **GRANTED**. A **DEFAULT JUDGMENT** is entered against Defendant Intelligent Perimeter Systems, Inc., on all three counts.

As to Count One, judgment is entered in favor of the United States and against IPS for employment tax liabilities for the periods ending June 30, 2007, September 30, 2007, December 31, 2007, March 31, 2008, June 30, 2008, and September 30, 2008, in the amount of **$327,740.86**, plus statutory additions and interest accruing from and after November 8, 2021, including interest pursuant to 26 U.S.C. §§ 6601, 6621, and 6622, and 28 U.S.C. § 1961(c).

As to Count Two, judgment is entered in favor of the United States and against IPS for unemployment tax liabilities for the periods ending December 31, 2007, and 2008, in the amount of **$11,023.36**, plus statutory additions and interest accruing from and after November 8, 2021, including interest pursuant to 26 U.S.C. §§ 6601, 6621, and 6622, and 28 U.S.C. § 1961(c).

As to Count Three, pursuant to 26 U.S.C. § 7402(a), IPS is **ENJOINED** from using, distributing, or paying out any of its assets, monies, or any future receipts from the sale and/or installation of bollards, railroad crossing warning equipment, and/or other items or from the

assignment of any intangible assets including but not limited to patents or other intellectual property rights, until the judgment is fully paid.

The Clerk shall enter judgment accordingly. This case is **CLOSED**.

**IT IS SO ORDERED.**

**ALGENON L. MARBLEY**
**CHIEF UNITED STATES DISTRICT JUDGE**

**DATED:  August 12, 2022**